THOMAS W. FLETCHER v. MARY ANN SELLNER.
CLETUS SELLNER v. THOMAS W. FLETCHER.
MARY ANN SELLNER, THIRD-PARTY DEFENDANT.

247 N. W. 2d 422.

November 19, 1976—No. 46357.

*Brenner & Harroun* and *Bernard M. Harroun*, for appellants.
*Arthur, Chapman & Michaelson* and *Robert W. Kettering, Jr.*, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

This appeal arises in an action to recover property damage sustained in an intersection collision between two automobiles. The parties sued each other. The two cases were consolidated for trial and tried to the court without a jury by agreement of the parties. The trial court made findings favorable to plaintiff Thomas J. Fletcher.

On this appeal defendant Mary Sellner raised the question whether under the evidence plaintiff, who was at the point of collision proceeding on a through street, had forfeited the right-of-way due to alleged excessive speed. The other issue raised on appeal relates to the finding that Mary Sellner rather than her husband, Cletus Sellner, was owner of the car she was driving and that finding of ownership was clearly erroneous, thus depriving her husband of a bailor's benefits set forth

in Christensen v. Hennepin Transportation Co. 215 Minn. 394, 10 N. W. 2d 406 (1943).

Considering the manner in which the two automobiles approached the intersection and entered into it and all the surrounding circumstances, we are required to conclude that the inference to be drawn from the evidence and the conflicts in the testimony were for the finder of the facts and that the negligence of the parties present fact questions. Under the evidence, the trial court was justified in finding the defendant Mary Sellner 80-percent causally negligent and plaintiff Fletcher 20-percent causally negligent. Accordingly the judgment rendered in the action against Mary Sellner is affirmed.

In the action by Cletus Sellner, the finding by the trial court that Mary Sellner rather than her husband was the owner of the car she was driving similarly presents a fact issue. The resolution of this issue by the trial court, although supported by some evidence, is insufficient to overcome the prima facie evidence of ownership established by the registration of the vehicle in her husband's name and the additional evidence offered on this issue. Evidence that the wife had almost exclusive use of the vehicle and her unresponsive declaration concerning such use that "he gave it to me" and "I am the main user"—plus evidence that the husband owned another car is simply not sufficient to assure us that the trial court did not reach a mistaken finding, in the face of testimony by the wife that "my husband owns the vehicle" and his testimony that he was the purchaser and registered owner of both this and another vehicle. When the reviewing court is left with the firm conviction that a mistake has been made, it may set aside the trial court's findings. In re Trust Known as Great Northern Ore Properties, 308 Minn. 221, 243 N. W. 2d 302 (1976); In re Estate of Balafas, 293 Minn. 94, 96, 198 N. W. 2d 260, 261 (1972). The finding of the trial court that the Sellner vehicle was owned by Mary Sellner and not her husband is set aside as clearly erroneous. Accordingly this case is remanded for proceedings consistent with this opinion.

Affirmed in part and remanded in part.