**Mark J. SEGER, Respondent,**

v.

**Robert D. DeGARDNER, et al., Appellants,**

**K & A Real Estate Company, et al., Defendants.**

No. C5–84–634.

Court of Appeals of Minnesota.

Oct. 2, 1984.

John J. Berglund, Berglund & Varco, Ltd., Anoka, for respondent.

William A. Sandry, St. Paul, for appellants.

Considered and decided by HUSPENI, P.J., RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

DeGardner appeals from an order that enjoined him from cancelling his contract for deed with Seger. The court did not require that Seger post a bond or continue installment payments under the contract. DeGardner also appeals from the denial of his motion for summary judgment. We remand for further proceedings.

## FACTS

On December 21, 1982, Seger purchased property from DeGardner on a contract for deed. Seger stopped monthly payments under the contract in May 1983 and instituted an action against DeGardner for fraud in November 1983. That complaint sought damages and rescission.

On February 24, 1984, DeGardner filed a notice of cancellation of the contract for deed. Thereafter, Seger moved to restrain cancellation proceedings. DeGardner crossmotioned for summary judgment.

On February 29, 1984, following a hearing, the court denied DeGardner's motion for summary judgment and issued an order to restrain cancellation of the contract for deed. The order did not require Seger to post a bond or to continue installment payments under the contract.

## ISSUES

1. Is a contract vendee required to post a bond or continue installment payments in order to restrain the cancellation of contract for deed?

2. Is the denial of a motion for summary judgment an appealable order?

## ANALYSIS

1. The method for restraining the cancellation of a contract for deed in this state is governed by statute which states in part:

> Upon a motion for temporary injunction, the court *shall* condition the granting of the order either upon the tender to the court or vendor of installments as they become due under the contract or upon the giving of other security in a sum as the court deems proper.

Minn.Stat. § 559.211, subd. 1 (1982) (emphasis added); *see also* Minn.R.Civ.P. 65.-03(1), Code of Rules of the District Courts 24.

The posting of a bond or the tendering of installments is intended to protect the party whose actions are restrained against potential losses caused by the injunction. *Northwest Hotel Corp. v. Henderson*, 257 Minn. 87, 91, 100 N.W.2d

493, 496 (1959). The language of the statute is mandatory. Nonetheless, the court did not protect DeGardner's interests as required by statute. Therefore, this matter must be remanded for the court to require Seger either to post a reasonable bond or to become current and to continue payments under the contract.

 2. An appeal may be taken to the Court of Appeals:

> (h) if the trial court certifies that the question is important and doubtful, from an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment.

Minn.R.Civ.App.P. 103.03. No issues in this case have been certified. The appeal from the denial of summary judgment therefore is interlocutory, and we do not entertain it.

## DECISION

Remanded for further proceedings consistent with this opinion.