**BIO–LINE, INC. and Kyron Michaelson, individually, Appellants,**

**v.**

**Harold WILFLEY, et al., Respondents,**

**Creative Cosmetics, Inc., et al., Third-Party Defendants.**

**No. C9–84–1902.**

Court of Appeals of Minnesota.

April 30, 1985.

Review Denied June 27, 1985.

Kenneth M. Holker, Monticello, for appellants.

Richard I. Diamond, Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellants seek review of a July 27, 1984 order which required them to post additional security (for a total of $44,674.89) to obtain requested injunctive relief and of a September 12, 1984 order which vacated the injunction for failure to post the security as required. Respondents then sought replevin to enforce their promissory notes. By findings of fact, conclusions of law and order for judgment dated October 9, 1984, the trial court required appellants to make monthly payments to respondents "on the

notes until final resolution of" the underlying lawsuit in lieu of replevin. Appellants also seek review of that order. We affirm in part, reverse in part, and remand.

### FACTS

Bio-Line manufactures and distributes consumer products containing "specifically formulated catalyst water." The Wilfleys owned 45 percent of the company stock and previously served as corporate officers and directors. Appellant Kyron Michaelson is the current president of Bio-Line.

On June 24, 1983, the Wilfleys executed a noncompetition and nondisclosure agreement, which was amended on October 29, 1983. The amended agreement provided for forfeiture of any debt owed to the Wilfleys in the event of a breach of the noncompetition agreement. On October 1, 1983, Michaelson, on behalf of Bio-Line, executed promissory notes requiring monthly payments to the Wilfleys. As security for these notes, the Wilfleys received a security interest in Bio-Line's equipment, all after acquired equipment, and proceeds from the sale of equipment.

The promissory notes explicitly authorized acceleration if a monthly payment was missed by Bio-Line:

> In the event the undersigned fails to pay any installment of principal or interest hereunder when due, the holder of this Note may at its option, upon giving the undersigned thirty (30) days written notice thereof, declare the full amount of this Note to be immediately due and payable.

Appellants stopped making monthly payments before May 1, 1984. By letter dated May 8, 1984, the Wilfleys notified appellants the notes were accelerated. Appellants sued the Wilfleys, seeking 1) damages for breach of fiduciary duty, contractual interference, disparagement, unfair competition and fraudulent conversion of corporate assets, 2) specific performance of the noncompetition agreements, and 3) cancellation of the promissory notes. The Wilfleys counterclaimed for payment on the notes.

Appellants obtained a temporary restraining order on May 21, 1984 to prevent the Wilfleys from foreclosing on appellants' business equipment. The restraining order was vacated on June 5, 1984, although the Wilfleys were enjoined from soliciting Bio-Line employees, interfering with the performance of employee duties, and defaming appellants. Appellants were:

> ordered to deposit into court all monies due and owing on the promissory notes executed by [appellants] in favor of [respondents], such deposit to constitute security for the relief granted to [appellants] herein.

Appellants deposited only $4,269, representing the May and June 1984 payments.

By order dated July 27, 1984, the trial court continued the injunction against the Wilfleys, but ordered Bio-Line, Inc. to:

> deposit in the court the additional sum of $40,405.89 as security for the temporary injunction against [respondents]. This sum represents the amount of money allegedly owed [respondents] by [appellant] Bio-Line, Inc., on the promissory notes, minus the money [Bio-Line] has already paid into court.

The security to be deposited with the court totalled $44,674.89, the accelerated amount the Wilfleys claimed was due on the promissory notes. Bio-Line did not post the security as ordered, and the trial court dissolved the injunction and ordered the deposited sums returned to appellants on September 12, 1984. Appellants seek review of both orders, arguing the trial court required excessive security for the injunction in July, and improperly vacated the injunction in September.

In October 1984 the Wilfleys sought replevin of the property which secured their promissory notes. After a hearing, the trial court issued "Findings of Fact, Conclusions of Law, and Order for Judgment" dated October 9, 1984. The court found replevin would be too great a burden on appellants, but ordered them to make monthly principal and interest payments to the Wilfleys on the notes from May 1984 "until final resolution of this matter." Ap-

pellants seek review of this order, arguing the payments should be made to the court and not directly to the Wilfleys. The Wilfleys assert this order is nonappealable and that this appeal was taken solely for delay. They seek an award of damages and costs pursuant to Minn.R.Civ.App.P. 138.

### ISSUES

1. Whether the trial court ordered appellants to post excessive security to obtain the temporary injunction?

2. Whether an order for judgment affording temporary relief in lieu of replevin is appealable?

3. Did the trial court err in ordering payments directly to the respondents pending final resolution of the lawsuit?

4. Whether an award of damages and costs pursuant to Minn.R.Civ.App.P. 138 is appropriate in this case?

### ANALYSIS

■ 1. Appellants argue the trial court improperly required them to post $44,-674.89 as security for the injunctive relief sought and improperly vacated the injunction for failure to post the security.

No temporary restraining order or temporary injunction shall be granted except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Minn.R.Civ.P. 65.03(1). Prior to the adoption of Rule 65.03, a bond of at least $250 was required. Minn.Stat. § 585.04 (1972), repealed 1974 Minn.Laws, Chapter 394, Section 11. Subsequent to adoption of the rule and repeal of the statute, the amount of security required on a temporary injunction is within the trial court's discretion and may be waived entirely if appropriate. *See Petition of Giblin,* 304 Minn. 510, 525–6, 232 N.W.2d 214, 222–3 (1975) (waiver of bond for divorced mother proceeding in forma pauperis not an abuse of discretion).

■ Security should be set in an amount which will insure compensation to the party harmed by the erroneous is-

suance of an injunction. *Hubbard Broadcasting, Inc. v. Loescher,* 291 N.W.2d 216, 222 (Minn.1980). Here, the trial court set security in the amount the Wilfleys claimed was owing on the notes after acceleration. We cannot agree with appellants that it was an abuse of discretion to do so.

2. Appellants further argue the trial court erred when, in its October 9 findings, conclusions and order for judgment, denying replevin, it required appellants to make monthly payments directly to the Wilfleys instead of into court. Respondents assert the order is not appealable.

■ Appellants' notice of appeal and statement of the case indicated appeal of this order was authorized by Minn.R.Civ. App.P. 103.03(b). "An appeal may be taken to the Court of Appeals * * * from an order which grants, refuses, dissolves or refuses to dissolve, an injunction[.]" Minn. R.Civ.App.P. 103.03(b).

As discussed above, the July injunction was dissolved on September 12, 1984. No other injunction was in effect on October 9 and the order did not grant an injunction. It is not appealable pursuant to Minn.R. Civ.App.P. 103.03(b).

■ The Wilfleys sought replevin to enforce their security agreement. When the trial court determines that the replevin respondent (here, Bio-Line) would suffer substantially greater harm than the claimant if the property is not delivered to the claimant before a final decision on the merits, the trial court may allow respondent to retain possession, while protecting the claimant to the extent possible. The court:

may require that respondent [Bio-Line] make partial payment of the debt which may be due and that the payment shall be made either directly to claimant [the Wilfleys] or into an escrow, that respondent post a bond in an amount set by the court, that respondent make the property available for inspection from time to time, that respondent be restrained from certain activities, including, but not limited to, selling, disposing or otherwise encumbering the property, or any other

provision the court may deem just and appropriate.

Minn.Stat. § 565.23, subd. 4 (1984). The statute clearly indicates an order requiring monthly payments to the claimant is in the nature of temporary relief. Accordingly, the October 9 order is not appealable. However, we may review any order affecting an order from which appeal is taken. Minn.R.Civ.App.P. 103.04. In the interest of affording full review of the pretrial matters involved in this appeal, we extend discretionary review to the October 9, 1984 order.

■ 3. Appellants argue the monthly payments should be made into court, rather than directly to the Wilfleys. We note that no payments have been made pending this appeal as a result of the supersedeas bond posted by appellants on October 29, 1984.

The statute authorizes both direct payment and payment into escrow. However, we conclude payment into the court is more appropriate in this situation. In the pending suit, appellants claim the debt secured by the promissory notes was forfeited when the Wilfleys breached the non-competition and non-disclosure agreements. If appellants prevail at trial, the promissory notes will be cancelled. They argue payment directly to the Wilfleys places them at substantial risk, and that the Wilfleys may not repay the amounts paid to them pending trial.

The validity of the promissory notes is one of the issues to be decided at trial.[1] By its October 9 order, the trial court is enforcing the notes without any security to appellants. Direct payment might be appropriate if the Wilfleys offer security (whether property or a bond) to insure repayment if the notes are eventually cancelled. In the absence of some security for repayment, it is inappropriate to order direct payment where the very issue to be decided at trial is whether payment of the notes is required at all and we are convinced that when viewed in the totality of the case, the trial court made a mistake in ordering payments directly to Wilfley. *Fletcher v. Sellner*, 311 Minn. 524, 247 N.W.2d 422 (1976); *In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 243 N.W.2d 302 (1976); *In re Estate of Balafas*, 293 Minn. 94, 198 N.W.2d 260 (1972).

■ 4. Respondents seek an award of damages and costs pursuant to Minn.R.Civ.App.P. 138.

If an appeal delays proceedings on the judgment of the trial court and appears to have been taken merely for delay, the appellate court may award just damages and single or double costs to the respondent.

Although this appeal may have been taken solely for the purpose of delaying payments to the Wilfleys, it did not delay proceedings on a judgment, since it appears no judgment has yet been entered in the trial court. We will not ignore the plain language of the rule which requires that proceedings be delayed on a *judgment* by reason of an appeal taken for delay.

### DECISION

The trial court's determination of the security required to protect respondents, should the injunction be later determined to have been erroneously awarded, was not an abuse of discretion. The temporary order issued in lieu of replevin is not final and is not currently appealable. We extend discretionary review of the order and reverse, concluding direct payment to the Wilfleys without an examination of security for repayment if the promissory notes are cancelled is improper. The trial court shall modify the October 9 order in accord with this opinion. Since proceedings on a judgment have not been delayed, an award pursuant to Minn.R.Civ.App.P. 138 is inappropriate.

Affirmed in part, reversed in part and remanded.

---

1. By opinion filed April 9, 1985 we issued a writ of prohibition, sought by the Wilfleys to prevent the trial court from dismissing their answer and counterclaim as a sanction for non-compliance with discovery. *Bio-Line, Inc. v. Wilfley*, 365 N.W.2d 338 (Minn.Ct.App.1985). As a result of our action, this matter will proceed to trial.