**INSURANCE FEDERATION OF
MINNESOTA, et al.,
Respondents,**

v.

**Michael A. HATCH, Commissioner of
the Department of Commerce, State
of Minnesota, Appellant.**

**No. C5–85–594.**

Court of Appeals of Minnesota.

July 2, 1985.

Wayne A. Hergott, Michael J. Ahern, Moss & Barnett, Minneapolis, for respondents.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Alan I. Gilbert, John C. Bjork, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

The Commissioner of the Minnesota Department of Commerce appeals an order temporarily enjoining him from issuing certificates of coverage under the liquor liability assigned risk plan established by the department.

The Commissioner contends the issuance of the injunction was improper because the respondent insurance companies are unlikely to prevail on the merits of their claim. Both parties seek review of the denial of their motions for summary judgment. We affirm in part, reverse in part and remand.

## FACTS

In 1982, the legislature amended the Intoxicating Liquor Act to require most retail sellers of intoxicating liquor or non-intoxicating malt liquor to give proof of financial responsibility as of March 1, 1983. *See* 1982 Minn.Laws ch. 528, § 2 (codified at Minn.Stat. § 340.11, subd. 21 (1982)). The Commissioner was authorized to establish an assigned risk pool using the rulemaking procedures of the Administrative Procedures Act. *Id.* In 1983, the legislature established certain provisions of an assigned risk plan and directed the Commissioner to adopt implementation rules as necessary. *See* 1983 Minn.Laws ch. 320, § 2 (codified at Minn.Stat. § 340.11, subd. 23 (1984)). The reference to rulemaking in Minn.Stat. § 340.11, subd. 21 was deleted and replaced with "The commissioner of insurance shall, if necessary, establish an assigned risk plan pursuant to subdivision 23." Minn.Stat. § 340.11, subd. 21 (1984).

On December 21, 1984, a large writer of liquor liability insurance cancelled 500 liquor liability insurance policies it had written in Minnesota. The Federal Reserve Board prohibited another large provider from selling insurance in this country as of January 1, 1985. A third company quit writing liability insurance at approximately the same time.

On January 7, 1985, the Commissioner published a notice in the State Register soliciting information to be used in preparing to promulgate new rules governing liquor liability insurance and the establishment and operation of an assigned risk plan.

On January 11, 1985, the Commissioner issued an order scheduling a February 4, 1985 hearing to determine: (1) whether existing rates for liquor liability insurance in this state were appropriate; (2) whether liquor liability insurance was available within the state; and (3) whether there was a need for a liquor liability assigned risk plan. The order was mailed to insurance companies and other interested persons. Notice of the hearing was also published in the State Register.

On February 11, 1985, the Commissioner issued an order outlining the need for an assigned risk plan, establishing an assigned risk plan, setting interim rates and providing for an administrator. The order also required insurance carriers doing business in this state to file policy forms, rates and other information regarding liquor liability insurance.

The insurance companies initiated an action to enjoin the Commission from enforcing all but two paragraphs of the February 11 order. They sought summary judgment and, in the alternative, a temporary injunction enjoining the Commissioner from implementing the February 11 order.

The trial court concluded (1) the Commissioner's orders are rules as defined by Minn.Stat. § 14.02, subd. 4, (2) the Commissioner did not comply with the Administrative Procedures Act, Minn.Stat. §§ 14.-01–.69, and (3) neither Minn.Stat. § 340.11, subd. 21 nor subd. 23 exempt the Commissioner from the rulemaking requirements of the Administrative Procedures Act. The trial court denied the motions for summary judgment and temporarily enjoined the Commissioner from issuing further certificates of coverage under the liquor liability assigned risk plan unless the plan were adopted in a rulemaking procedure.

The Commissioner appealed the trial court's order. The insurance companies seek review of the trial court's order to the extent it denied their motion for summary judgment.

## ISSUES

1. Is the denial of a motion for summary judgment appealable?

2. Did the trial court clearly abuse its discretion by granting a temporary injunction?

## ANALYSIS

■ 1. The denial of a motion for summary judgment is not appealable unless the trial court certifies an issue as important and doubtful. *Seger v. DeGardner*, 355 N.W.2d 465, 466 (Minn.Ct.App.1984); Minn. R.Civ.App.P. 103.03(h). The trial court did not certify any issues. The denial of the motion is interlocutory and not appealable.

2. "The trial court's ruling on a motion for a temporary injunction is largely an exercise of judicial discretion." *OT Industries, Inc. v. OT-Tehdas Oy Santasalo-Sohlberg Ab*, 346 N.W.2d 162, 165 (Minn. Ct.App.1984). This court will consider only

whether the trial court clearly abused its discretion by granting the motion for a temporary injunction. *Id.*

3. The trial court considered the factors in *Dahlberg Brothers, Inc. v. Ford Motor Company*, 272 Minn. 264, 137 N.W.2d 314 (1965) in determining whether a temporary injunction should issue. The parties' primary dispute is the insurance companies' likelihood of success on the merits. The Commissioner argues the companies will not prevail because he is not obligated by statute to promulgate rules in order to establish an assigned risk plan. He contends the trial court erred by assuming that the determination an assigned risk plan is needed must be made pursuant to the rulemaking procedures of the Administrative Procedures Act.

The determination that a plan is needed lies with the Commissioner. Minn.Stat. § 340.11, subd. 21 (1984) provides:

The commissioner of commerce shall, if necessary, establish an assigned risk plan pursuant to subdivision 23.

*Id.* Subdivision 23 outlines the elements of an assigned risk plan and further provides:

The commissioner of commerce shall adopt rules, including emergency rules, as may be necessary to implement this subdivision. The rules may include:

(a) appeal procedures from actions of the assigned risk plan;

(b) formation of an advisory committee composed of insurers, vendors of risk management services and licensees, to advise the commissioner of commerce regarding the operation of the plan; and

(c) applicable rating plans and rating standards.

Minn.Stat. § 340.11, subd. 23(8) (1984).

■ Subdivision 21 directs the Commissioner to establish, if necessary, an assigned risk plan *pursuant to subdivision 23*. Subdivision 23(8) directs the Commissioner to adopt rules only as may be necessary to *implement* the plan. Thus, the Commissioner was within his authority when he determined the need for the assigned risk plan without initiating a rule-

making procedure. The Commissioner published a notice in the State Register and notified providers and other interested persons. The notice indicated the need for an assigned risk plan would be considered at the February 4 hearing. After the hearing, the Commissioner issued an order outlining the reasons an assigned risk plan was needed. No more is required. *See Manufactured Housing Institute v. Pettersen*, 347 N.W.2d 238, 242 (Minn.1984).

■ 4. A more troubling question is whether the Commissioner must adopt rules to implement the plan he promulgated. The Commissioner contends the legislature intended the plan be self-executing once a determination of need was made. He argues a plan must be implemented when need is determined and a six to nine month rulemaking process would unnecessarily delay the immediate relief intended. This argument is contradicted by the legislation itself. If the legislature intended the plan to be immediately self-executing, there would be no reason to grant emergency rulemaking authority.[1]

The rulemaking authority in subdivision 23 is mandatory; the Commissioner must adopt rules as necessary. If the Commissioner deems it necessary to supplement the plan, such additions must be made by rule. At trial on the merits, the trial court could conclude the Commissioner adopted rules by ordering procedures supplemental to those in Minn.Stat. § 340.11, subd. 23. For example, the Commissioner ordered liquor vendors to pay a temporary premium subject to retroactive rebate pending establishment of assigned risk plan rates and rules pursuant to the Administrative Procedures Act. There is no statutory authority for temporary premiums. Rather, premiums are to be based on a ratemaking plan approved by the Commissioner. *See* Minn. Stat. § 340.11, subd. 23(7).

■ The Commissioner claims the temporary premium procedure is exempt from rulemaking as internal agency procedure.

The trial court, however, could conclude the interim procedure directly affects the rights of or procedures available to the public and, thus, is subject to mandatory rulemaking. *See* Minn.Stat. § 14.06 (1984); *see also In the Matter of the Implementation of Utility Energy Conservation Improvements Programs*, 368 N.W.2d 308 (Minn.Ct.App.1985). This analysis is supported by recent statutory amendments to subdivision 23. Subdivision 23 now permits the rating plan to be amended by rule or by a new expedited procedure. *See* 1985 Minn.Laws ch. 309, § 9.

■ The Commissioner also ordered that an administrator be retained and "charge an administrative expense not to exceed 10% of the premium received by the assigned risk plan." Minn.Stat. § 340.11, subd. 23 does not provide for a 10 percent administrative cost. The trial court could reasonably conclude this was a rule within the meaning of Minn.Stat. § 14.02, subd. 4 (1984).

■ The trial court was not clearly erroneous in determining the insurance companies sustained their burden of showing a likelihood of at least partially prevailing on the merits of their claim.

5. The Commissioner contends the trial court made no reference to relative hardship other than a summary statement that the harm suffered by the insurance companies is substantially greater than that which will be suffered by the Commissioner if a temporary injunction is granted. The trial court found the insurance companies are subject to assessments for any deficiency which may result from the operation of the assigned risk plan. It further found the Commissioner would suffer no pecuniary harm. Given our limited scope of review, we are unable to conclude the trial court's determination regarding relative hardship was clearly erroneous.

### DECISION

The Commissioner has the power to establish an assigned risk plan but must sup-

---

**1.** The Commissioner's emergency rulemaking authority expired before the Commissioner de-termined to establish the assigned risk plan. *See* 1984 Minn.Laws ch. 640, § 30.

plement it by rulemaking if he deviates from the statutory elements of the plan. The trial court's denial of a motion for summary judgment is not appealable. The trial court did not clearly abuse its discretion by granting a temporary injunction.

We remand for proceedings in accordance with this opinion.

Affirmed in part, reversed in part and remanded.