**Barbara J. CROXEN, Respondent,**

v.

**Stephani SALHUS, Appellant.**

**No. C2–85–973.**

Court of Appeals of Minnesota.

Nov. 19, 1985.

Roger H. Gross, Minnetonka, for respondent.

James W. Buckley, Mary E. Christenson, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

Respondent sued appellant in conciliation court for property damage she incurred following a two-car collision between the parties. The court found appellant 100% negligent and awarded respondent her property damages. Appellant removed the action to district court where she was again found 100% negligent. Salhus appeals to this court arguing the trial court failed to apply the comparative negligence law and its judgment was not supported by the evidence. Respondent moves for an award of fees and expenses under R. 138, Minn. R. App. Pro. We affirm.

## FACTS

On February 10, 1984, just after 6 p.m., respondent Barbara J. Croxen and appellant Stefani Salhus were involved in a two-car accident at the intersection of Duggan Plaza and Tifton Road in Edina, Minnesota. The night was dark and foggy. The roads were covered with packed snow, but were not slippery.

Duggan Plaza is an east-west through street consisting of four lanes divided by a strip of land approximately 30 feet wide. The eastbound and westbound lanes are also approximately each 30 feet wide, making the total width of Duggan Plaza about 90 feet wide at its intersection with Tifton Road. Just west of the intersection Duggan Plaza narrows to two lanes. Tifton Road is a north-south, two-lane, residential street controlled by a stop sign at its intersection with Duggan Plaza. The accident occurred when appellant proceeded north on Tifton Road through its intersection with Duggan Plaza striking respondent's vehicle which was proceeding west on Duggan Plaza.

Appellant's testimony is summarized as follows: She proceeded north on Tifton Road to its intersection with Duggan Plaza. At the stop sign appellant stopped her vehicle, looked to her right where she saw snow banks which prevented her "from seeing anything on her [respondent's] roadway." Appellant looked to her left, and again to her right before proceeding into the intersection at a speed of 10 miles per hour. After leaving the stop sign she looked to her right and also to her left, to the northwest corner, to observe for the reflection of head lights on the snow banks. Appellant observed respondent's vehicle when "it was less than 10 feet" away "which wasn't enough time for me to react." After the accident both drivers remarked "I didn't see you."

Respondent testified that she proceeded west on Duggan Plaza at a speed of 20 to 25 miles per hour. She slowed down as she approached the intersection although she had no stop sign. She "could see probably about a block in front of me, although it was foggy." She did not observe appellant's vehicle until she was struck by it. Although there was a pine tree in the median to the south of respondent, she did not observe that it blocked her vision in that direction. While within the intersection, the left front part of respondent's vehicle

was struck from the left by appellant's vehicle. Respondent stated that: "We stopped, got out immediately, * * *. We both went up to each other, and she said, 'Oh, my gosh, I didn't even see you.'"

The trial court entered judgment for respondent, ordering appellant to pay respondent $859.14 in damages and $6.00 in costs. This appeal followed.

## ISSUES

Does the evidence support the trial court finding that appellant's negligence caused the accident?

## ANALYSIS

Appellant complains that the trial court erred by not applying the comparative negligence law and assigning some portion of negligence to respondent.

■ The standard of review in a negligence action is very narrow. A fact finder's allocation of negligence may not be disturbed on appeal except in those rare cases where there is no dispute in the evidence and the factfinder could come to only one conclusion. *Alden Wells Veterinarian Clinic v. Wood,* 324 N.W.2d 181, 184 (Minn.1982).

■ The trial court found that appellant was 100% negligent in the two-car accident of the parties. This finding does not mean the trial court failed to apply the comparative fault statute, Minn.Stat. § 604.01 (1984). Negligence and its apportionment present factual issues. *Cooper v. Friesen,* 296 Minn. 160, 163, 207 N.W.2d 742, 744 (1973). The inferences to be drawn from the evidence and the conflicts in the testimony are to be resolved by the finder of facts. *See Fletcher v. Sellner,* 311 Minn. 524, 525, 247 N.W.2d 422, 423 (1976).

■ Reviewing the evidence we cannot say that there was only one conclusion from the evidence and the trial court erred in finding appellant 100% negligent. The trial court could reasonably have found that respondent had the right-of-way, *see* Minn. Stat. § 169.20, subd. 3 (1984), which

she did not forfeit by speeding, *see* Minn. Stat. § 169.20, subd. 1.

■ We cannot hold as a matter of law that respondent was 50% negligent, as urged by appellant, simply because respondent testified she did not see appellant's car until impact was imminent. "[O]nly in the clearest of cases where the facts are undisputed and can lead to but one conclusion is a court justified in finding contributory negligence as a matter of law." *Johnson v. Mancilman,* 241 Minn. 461, 465, 63 N.W.2d 569, 572 (1954). The court may have found that respondent was keeping a proper lookout and because of the fog or a tree in the median or the angle of the road, her headlights failed to illuminate appellant's vehicle until impact was imminent.

The court may also have reasonably concluded that appellant was in the median area when she observed respondent's car and appellant could therefore have prevented the collision by stopping or slowing down in the median area to observe for traffic in respondent's lane.

■ Appellant argues that she had the right of way once she entered the intersection and that the law does not require her to stop at her stop sign and then stop again as she prepares to enter or cross a traffic lane on the other side of the median. We disagree.

Appellant had the duty to stop to observe traffic before entering the intersection. *See* Minn. Stat. § 169.20, subd. 3. Appellant stated she could not see traffic to her right at the stop sign because of a snow bank. Therefore, she was under *a duty to stop or slow* at a place where she could effectively observe approaching westbound traffic before she proceeded to enter or cross that traffic lane.

> Where the view of a highway is obstructed at the point where a stop sign is erected, it may not be sufficient to stop where the sign is erected in order to comply with the statute requiring a motorist to stop at the entrance to the highway.

*Bohnen v. Gorr*, 234 Minn. 71, 78, 47 N.W.2d 459, 464 (1951).

In *Bohnen* a bicyclist was struck by a car when she was crossing a through highway. The Minnesota Supreme Court stated that even if the jury assumed the bicyclist did stop, it would have been justified in finding that she did not exercise that degree of care required of her by failing to stop at a point where she could effectively observe approaching traffic. *Id.* at 79, 47 N.W.2d at 464. Likewise, the fact finder in the instant case could reasonably have found that appellant failed to exercise the degree of care required of her by failing to stop at the median or some point where she could effectively observe westbound traffic.

Respondent's motion for damages for delay, claimed under Minn. R. Civ. App. P. 138, is denied. Respondent also seeks its costs and disbursements under Minn.R.Civ. App. P. 139. These costs and disbursements are automatically awarded, unless otherwise ordered, to the prevailing party "upon 5 days' written notice served and filed by the prevailing party" with the clerk of the appellate courts. *Id.*

### DECISION

The trial court's finding that appellant was 100% negligent for the two-car accident of the parties is not clearly erroneous.

Affirmed.