**Grant CARLSON, et al., Appellants,**

v.

**Opal MIXELL, et al., Margaret A. Johnson, Frank Kreiser Real Estate, Inc., Respondents.**

No. C3–87–145.

Court of Appeals of Minnesota.

Sept. 29, 1987.

Sara R. Morrissey, Susan L. Carroll, Legal Aid Society of Mpls., Minneapolis, for appellants.

Donald M. Ardery, Paul C. Becka, Ardery & Davern, Golden Valley, for respondents.

Heard, considered and declared by SEDGWICK, P.J., and LANSING and MULALLY*, JJ.

## OPINION

LANSING, Judge.

Vendees under a contract for deed appeal the amount of an injunction bond set by the trial court in the contract termination proceedings. We remand for reconsideration.

## FACTS

In April 1985 Grant and Ruth Carlson entered into a contract for deed with Opal, Robert and Sandra Mixell for the purchase of a house at 245 Irving Avenue North in Minneapolis. The original terms were a purchase price of $46,500 paid by monthly installments of $400, a downpayment of $10,000 and a final balloon payment after seven years. By agreement of the parties, the terms were changed to divide the downpayment into two equal payments, the second of which would come due in October 1986. Carlsons claim the second payment was contingent on the house not requiring major repairs.

After moving in, Carlsons discovered defects in the house, including excessive moisture in the basement, a leaky roof, inadequate insulation and inadequate wiring, which burned out completely. Carlsons withheld the October 1985 balloon payment and tried to renegotiate the contract terms during the summer of 1986. They stopped making monthly payments in July 1986, pending a settlement. They were unable to renegotiate the terms, and on November 5, 1986, Mixell served notice of cancellation of the contract.

In December Carlsons sued Mixell, the realtor and the agent for fraud and misrepresentation, consumer fraud under Minn. Stat. § 325F.68, and violation of the Minneapolis Truth in Sale of Housing ordinance. Carlsons, whose only source of income is social security and AFDC, sought and received permission to proceed in forma pauperis. Mixell answered and counterclaimed that Carlsons misrepresented their financial status and ability to pay, primarily

because the Carlsons failed to disclose a January 1984 bankruptcy filing.

On December 24, 1986, Carlsons filed a motion under Minn.Stat. § 559.211 (1986) to temporarily enjoin Mixell from proceeding with the cancellation of the contract for deed. The court granted the motion and set the injunction bond at $7,800, the amount owing under the contract. Carlsons moved to have the bond reduced, and the court denied the motion. Carlsons appeal the court's refusal to reduce the bond.

## ISSUE

Did the trial court abuse its discretion in setting the amount of the injunction bond at an amount equal to that due on the underlying contract for deed?

## ANALYSIS

A party can move to enjoin the cancellation of a contract for deed if an underlying cause of action exists. *Smith v. Spitzenberger*, 363 N.W.2d 470, 472 (Minn.Ct.App.1985). Before the injunction can be issued, however, the moving party must post a bond in an amount set by the trial court. The court has discretion in setting the amount of the bond under the statute:

> Upon a motion for a temporary injunction, the court shall condition the granting of the order either upon the tender to the court or vendor of installments as they become due under the contract or upon the giving of other security in a sum as the court deems proper.
>
> \*  \*  \*  \*  \*  \*

Minn.Stat. § 559.211, subd. 1 (1986); *see Bio-Line, Inc. v. Wilfley*, 366 N.W.2d 662, 665 (Minn.Ct.App.1985).

In granting the Carlsons' motion for a temporary injunction, the trial court set the bond amount at $7,800, an amount equal to the unpaid $5,000 balloon payment and seven unpaid $400 monthly installments. The court also required the deposit of monthly contract payments as they became due. In its accompanying memorandum, the court, relying on Minn.Stat. § 559.211, subd. 1,

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

and *Seger v. DeGardner,* 355 N.W.2d 465 (Minn.Ct.App.1984), concluded it had no discretion and was obligated to require security equivalent to the full arrearages plus amounts which would come due under the contract.

Carlsons moved to reduce the security to contract installments without the arrearages, arguing that only these payments were insecure as a result of the injunction. The trial court rejected the motion. Carlsons contend this decision is an abuse of discretion.

Although we acknowledge that the court has discretion in setting the amount of the bond, the discretion should not be premised on an error of law. We do not read *Seger* or Minn.Stat. § 559.211, subd. 1, to require all injunction bonds in contract-for-deed terminations to equal outstanding arrearages plus continuing payments. Such a construction would substantially limit the effect of the statute: a vendee who is able to post all back payments can simply reinstate the contract and has no need of injunctive relief.

A proper exercise of the court's discretion must take into account damages specifically suffered as a result of the injunction, rather than automatically imposing the full amount of arrearages and accruing payments. The standard expressed in *Hubbard Broadcasting, Inc. v. Loescher,* 291 N.W.2d 216, 220 (Minn.1980), applies:

> [T]he underlying purpose of the injunction bond * * * is to require the party seeking the temporary restraining order to pay for the harm caused by its erroneous granting * * *.

Because we believe the court may have been improperly constrained by its interpretation of *Seger* and Minn.Stat. § 559.-211, subd. 1, we remand to permit the court to reconsider the bond in light of this holding.

### DECISION

Remanded.