Gregory B. EIDE, et al., Appellants,

v.

Robert E. BIERBAUM,
et al., Respondents.

No. C1–90–2504.

Court of Appeals of Minnesota.

July 16, 1991.

Steven J. Running, Mundt & Associates, Duluth, for appellants.

Mitchel Costley, Two Harbors, for respondents.

Considered and decided by CRIPPEN, P.J., and FOLEY and DAVIES, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's injunction bond requirement.

## FACTS

In 1987, appellants Gregory and Jane Eide entered into a contract to acquire a piece of commercial real estate in Schroeder, Minnesota from respondents Robert and Shirley Bierbaum. The Eides paid $10,000 down on the $35,000 purchase price and in June 1988 made the first annual payment of $5,000 plus interest. In May 1989 the Eides brought suit against the Bierbaums, alleging fraudulent misrepresentation or failure to disclose material facts and seeking rescission of the contract or damages. In June 1990, when two annual payments were past due, respondents served a notice of cancellation of the contract for deed. The Eides then sought an injunction to restrain respondents from canceling the contract prior to resolution of the fraud suit.

In September 1990, the trial court granted appellants' request for a temporary injunction and set the bond at $14,000, the equivalent of the two unpaid annual payments due through June 1, 1990, plus interest. The court explained that the temporary injunction has a significant effect on respondents' financial interests under the contract for deed, resulting in loss of their right to use the land plus loss of all principal and interest payments due them for the prior two years.

## ISSUE

Did the trial court err in considering the overdue annual installments in setting the injunction bond?

## ANALYSIS

■ The trial court's injunction will not be overturned absent an abuse of discretion. *Cherne Indus., Inc. v. Grounds & Assocs.*, 278 N.W.2d 81, 91 (Minn.1979).

The bonding requirement for injunctions is controlled by Minn.Stat. § 559.211 (1988)

and Minn.R.Civ.P. 65.03. Section (a) of the rule provides:

> No * * * temporary injunction shall be granted except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Minn.R.Civ.P. 65.03(a). The statute is entitled "enjoining further proceedings pursuant to notice of termination of contract of sale" and provides:

> Upon a motion for a temporary injunction, the court shall condition the granting of the order either upon the tender * * * of installments as they become due under the contract or upon the giving of other security in a sum as the court deems proper.

Minn.Stat. § 559.211, subd. 1 (1988).

Appellants ask for a determination that there be no bond or only a minimal bond while the underlying litigation is pending. They contend the trial court is required to measure the damages likely to be suffered as a result of an improper grant of an injunction and cannot require a bond equal to all past due installments.

■ In *Carlson v. Mixell*, 412 N.W.2d 771, 773 (Minn.App.1987), the trial court concluded it had no discretion and was required to set a bond equal to arrearages plus continuing payments that will come due. This court reversed and remanded the case, reiterating the trial court's discretion in setting the bond but emphasizing that the purpose of bonding is to pay for harm resulting from an erroneous injunction. *Id.* We reaffirm that the trial court should attempt to determine the damages likely to accrue as a result of an erroneous injunction.

■ The bond amount represents a prospective view of damages and not a determination of actual damages. As a result, we will not review the amount of the bond with the same degree of scrutiny involved in reviewing a determination of actual damages.

We disagree with appellants' contention that the trial court could not set bond covering installments already due. Appellants advance two argument to support their position.

First, appellants argue that the *Carlson* court deemed it inappropriate for the trial court to consider installments already due. This is incorrect. In *Carlson*, this court corrected the trial court's perception that it was bound by precedent to set a bond amount not less than the installments due and to require continuing payments. *Carlson*, 412 N.W.2d at 773. The matter was remanded to the trial court solely for the purpose of permitting the trial court to exercise its discretion in setting the bond. *Id.* *Carlson* does not stand for the proposition that it is error to refer to past due installments in setting an injunction bond.

Second, appellants argue that past due installments are a poor reflection of the damages which may be suffered by contract vendors, because the seller's sole remedy is to regain possession of the property. This argument overlooks the fact that the right to regain possession is immediate in the absence of an injunction, and under the terms of the contract the sellers are entitled to all payments due as a condition of continued possession by the buyers. Upon cancellation, the seller's rights normally include possession of the property plus forfeiture of all payments made through the time that default and cancellation occur.

The seller's right to possession includes the full enjoyment of the property, including the opportunity to make another sale. In addition, the costs of loss of occupancy include expenses associated with protecting the property from damage or encumbrance, and may include payments on prior liens. Sellers commonly depend upon performance under the contract to cover these costs.

There is no merit to the suggestion that installments should be completely disregarded. It is expressly within the trial court's discretion under the statute to require tender of all installments "as they become due." Minn.Stat. § 559.211, subd. a. To contend that this refers only to future installments requires an unduly strained reading of the statutory language.

## DECISION

The trial court did not abuse its discretion in setting the injunction bond based on past due installments under the contract for deed.

Affirmed.