**George Thomas ZIRNHELT,**
**Respondent,**

v.

**Kelly Nicole CARTER, Appellant.**

**No. A13–1053.**

Court of Appeals of Minnesota.

March 3, 2014.

---

**3.** We note that on the facts of this case, a double-recovery is not at issue and we do not address this possibility.

Earl H. Cohen, Brian N. Niemczyk, Hellmuth & Johnson, PLLC, Edina, MN, for respondent.

Stephen W. Cooper, The Cooper Law Firm, Chartered, Minneapolis, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and STAUBER, Judge.

## OPINION

HUDSON, Judge.

On appeal from judgment on a negligence claim that originated in conciliation court, appellant argues that the district court erred by (1) concluding that the case was not time-barred; (2) awarding damages in excess of the conciliation court's jurisdictional amount; and (3) failing to perform a complete comparative-fault analysis. We affirm.

## FACTS

Respondent George Thomas Zirnhelt's son, Joseph Zirnhelt, was traveling south on Highway 13 in his father's car on October 12, 2006. Zirnhelt's son attempted to make a left-hand turn on a green arrow across the northbound lanes of the highway when the SUV he was driving was struck by a car driven by appellant Kelly Nicole Carter. Carter had been traveling north on Highway 13 and ran a red light at the intersection. The speed limit on that section of Highway 13 is 50 miles per hour. Zirnhelt's son estimated that Carter was going the speed limit when the accident occurred; another eyewitness testified that Carter drove by her "fairly fast" around five seconds after the light had turned red.

Neither party had automobile insurance. Zirnhelt got a repair estimate from a body shop for $22,900 and sent that estimate to Carter. Zirnhelt made a few other attempts to get in touch with Carter about paying for his repairs, but he never heard from her. The final bill for repairs to Zirnhelt's SUV was $28,904. Shortly before the statute of limitations expired, on September 7, 2012, Zirnhelt filed a claim against Carter in conciliation court. Carter received the summons and complaint on October 17, 2012.

The conciliation court awarded Zirnhelt the maximum amount of damages allowed by its jurisdiction, $10,000. Carter, acting pro se, then removed the conciliation-court claim to Dakota County District Court pursuant to Minnesota Rule of General Practice 521. Zirnhelt filed an amended complaint in district court pursuant to Minnesota Rule of General Practice 522, seeking more than $30,000 in damages. Carter did not file an answer and did not retain counsel until the day of trial. At trial, Carter's counsel raised for the first time the issue of whether the suit was barred by the statute of limitations because Carter received the summons and complaint more than six years after the date of the accident. At the conclusion of trial, the district court allowed the parties to submit additional briefing on the matter. The court, concluding that the claim

was properly commenced by filing in conciliation court within the six-year statute of limitations, found that Carter was "100% liable" for the accident and awarded Zirnhelt $29,804 dollars in damages and $50 in costs. This appeal follows.

## ISSUES

I. Did the district court err by concluding that the action was not time-barred by the statute of limitations?

II. Did the district court err by awarding Zirnhelt damages that exceeded the jurisdictional limits of conciliation court?

III. Did the district court err by finding Carter solely liable for the damages to Zirnhelt's vehicle?

## ANALYSIS

### I.

Carter first argues that the entire case should be dismissed based on the statute of limitations because she was not served with the summons and complaint in the conciliation-court matter until more than six years after the accident. Zirnhelt claims that any statute-of-limitations argument was waived because it was not raised as an affirmative defense when the action was removed to district court.

*Waiver*

■ A statute-of-limitations defense is an affirmative defense that is generally waived if it is not raised in pleadings. Minn. R. Civ. P. 8.03; *see Rhee v. Golden Home Builders, Inc.,* 617 N.W.2d 618, 621 (Minn.App.2000) (reversing the district court when it allowed the defendant to orally amend its answer at a summary-judgment hearing to include a statute-of-limitations defense). But in certain circumstances, this court has held that the district courts did not abuse their discretion by considering a statute-of-limitations defense later in a case. *See Bradley v.*

*First Nat'l Bank of Walker, N.A.,* 711 N.W.2d 121, 128 (Minn.App.2006) (concluding that, because the other party had a "full opportunity" to address the issue, it was not an abuse of discretion for the district court to consider statute-of-limitations defense at summary-judgment phase); *O'Reilly v. Allstate Ins. Co.,* 474 N.W.2d 221, 223 (Minn.App.1991) (concluding that, while the district court could have treated a statute-of-limitations defense as waived, its consideration of the issue on summary judgment was not error because the district court has discretion to allow amended pleadings).

Here, Carter did not retain counsel until the day of trial. In addition, the district court gave both sides a full opportunity to brief the statute-of-limitations issue. Thus, although it was raised for the first time at trial, Zirnhelt was not prejudiced by the district court's consideration of the issue. *See Bradley,* 711 N.W.2d at 128 (discussing whether a party was prejudiced by considering a statute-of-limitations issue at summary judgment). Accordingly, in these narrow circumstances, we conclude that the district court did not abuse its discretion by considering the statute-of-limitations issue.

*Statute of Limitations*

■ "The construction and applicability of statutes of limitation present questions of law subject to de novo review." *Wallin v. Minn. Dep't of Corrections,* 598 N.W.2d 393, 399 (Minn.App.1999), *review denied* (Minn. Oct. 21, 1999). The applicable statute of limitations in this case is six years. *See* Minn.Stat. § 541.05 (2012). Unlike district court cases, conciliation-court matters are commenced upon the filing of a statement of claim. *Compare* Minn. R. Gen. Pract. 505 (stating that "an action is commenced against a defendant when a statement of claim . . . is filed") *with* Minn.

R. Civ. P. 3.01 (stating that "[a] civil action is commenced against each defendant . . . when the summons is served upon that defendant").

■ The accident occurred on October 12, 2006; Zirnhelt filed his claim in conciliation court on September 7, 2012. Thus, because Zirnhelt filed his statement of claim in conciliation court before the six-year statute of limitations expired, the case was timely commenced. Minn. R. Gen. Pract. 505. Even so, Carter argues that because Minn. R. Gen. Pract. 508(d)(1) requires that a summons in conciliation court be "properly served," service must be completed before the statute of limitations expires. But service in conciliation court is governed by the rules specific to conciliation court, not the Minnesota Rules of Civil Procedure. Accordingly a summons and complaint is "properly served" in conciliation court if the service complies with the rules specific to that court. In conciliation court, a case must only be filed, not served, before the statute of limitations expires. Minn. R. Gen. Pract. 505. After an action is properly commenced, the conciliation-court administrator prepares the summons and serves it on the plaintiff. Minn. R. Gen. Pract. 508(a), (c). In this case, because the claim exceeded $2,500, the summons had to be served on the defendant by certified mail within 60 days after the date the summons was issued. Minn. R. Gen. Pract. 508(d)(1). Service on the defendant is "effective upon mailing." Minn. R. Gen. Pract. 508(d)(4).

Zirnhelt properly followed rule 508 and served Carter with the summons and complaint within 60 days of the date the summons was issued. Thus, because Zirnhelt's claim was filed before the statute of limitations expired and thereafter properly served on Carter according to the conciliation-court rules, the district court correctly concluded that Zirnhelt's claim was timely commenced.

## II.

Carter argues that when a conciliation-court claim is removed to district court after the statute of limitations has expired, the district court is limited to awarding damages that would be allowed pursuant to conciliation-court jurisdiction. Carter claims that, because the original service in this case did not take place before the statute of limitations expired and therefore did not comply with the Minnesota Rules of Civil Procedure, the only jurisdiction the district court obtained was based on Carter's request for removal from conciliation court. Essentially, Carter argues that Zirnhelt's amended complaint in district court does not relate back to the date the statement of claim was filed in conciliation court, but rather, if at all, only to the date she was served with the summons and complaint.

■ The interpretation of procedural rules presents a question of law reviewed de novo. *Eclipse Architectural Grp. v. Lam*, 814 N.W.2d 692, 696 (Minn.2012). As discussed above, a conciliation-court case is commenced when the plaintiff files a statement of claim. Minn. R. Gen. Pract. 505. Once the case has been decided, "[a]ny person aggrieved by an order for judgment entered in conciliation court . . . may remove the cause to district court for trial de novo." Minn. R. Gen. Pract. 521(a). Within 30 days of removal, either party may "amend its statement of claim or counterclaim" if the party "serves on the opposing party and files with the court a formal complaint conforming to the Minnesota Rules of Civil Procedure." Minn. R. Gen. Pract. 522. The comment to rule 522 states that it establishes a procedure for amending the statement of claim "as a matter of right during the first

30 days after an action is removed to district court." Rule 522 plainly refers to the complaint in district court as an amendment of the original statement of claim filed in conciliation court. Accordingly, because the conciliation-court rules expressly provide for amending the statement of claim upon removal, we conclude that a complaint filed in district court under rule 522 relates back to the date the original statement of claim was filed under rule 505, not to the date the defendant was served. *See Roehrdanz v. Brill,* 682 N.W.2d 626, 631 (Minn.2004) (concluding that, where a more specific conciliation-court rule conflicts with a more general rule of civil procedure, the more specific rule governs).

■ In addition, the conciliation-court rules implicitly support the conclusion that, when a case is removed to district court, damages are not limited to the jurisdictional limits of conciliation court. Rule 521 provides for a "trial de novo" when a case is removed to district court. Rule 522 allows for an amendment of the statement of claim, which, under Minnesota Rule of General Practice 507, must include the "amount ... of the claim," thereby providing an opportunity for parties to increase the amount of their claim upon removal. Further, under rule 522, the amended statement of claim, which acts as the complaint in district court, must conform to the Minnesota Rules of Civil Procedure, which do not limit the amount of damages a party may seek, but require that a complaint (a) specify the amount of money damages sought if the amount is less than $50,000, or (b) state generally that a party is seeking damages in excess of $50,000. Minn. R. Civ. P. 8.01. Accordingly, we conclude that parties may amend their claims and counterclaims upon a rule–521 removal to request damages in excess of those allowed under conciliation court jurisdiction.

Carter argues that this holding creates a "wide open backdoor entry to district court," essentially allowing a plaintiff whose claim is nearing the statute of limitations to take advantage of the relaxed claim-commencement rules in conciliation court and then remove the case to district court no matter the outcome. Carter compares this case to *Wallin,* in which this court held that, when determining whether a state claim brought in federal court is time-barred, commencement of the suit is to be determined under state rules, rather than federal rules. 598 N.W.2d at 401. Like a claim in conciliation court, a federal claim is commenced upon filing, not service. *See* Fed.R.Civ.P. 3. Thus, this court in *Wallin* concluded that allowing plaintiffs to use the more lenient federal-commencement rule would encourage forum shopping and would allow "plaintiffs to self-insure against delayed personal or mail service by uniformly advancing federal question claims in every situation where a state law claim is approaching the statute of limitations period." 598 N.W.2d at 400–01 (quotation omitted). But the relationship between state and federal court is not analogous to the relationship between conciliation court and district court. The rules of conciliation court allow any "aggrieved" party, whether the party won or lost, to initiate removal proceedings. Minn. R. Gen. Pract. 521(a). A party such as Zirnhelt, who was awarded the full amount of damages sought, cannot be "aggrieved" and therefore could not initiate removal proceedings. Thus, the rules themselves impose a barrier to the kind of forum-shopping contemplated by Carter.

### III.

■ Finally, Carter argues that the district court erred by failing to conduct a full

comparative-fault analysis, instead making an "ambiguous conclusory statement" that Carter was "100 percent liable for the collision." Carter argues that the district court's findings are not sufficient to allow proper review because the word "liable" is not synonymous with "fault" and that the district court failed to properly consider the uncontested facts of the case.

Allocation of negligence may not be disturbed on appeal unless there is no dispute in the evidence and the factfinder could reach only one conclusion. *Croxen v. Salhus,* 376 N.W.2d 739, 741 (Minn.1985). The district court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the [district] court to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01. Under these standards, the district court's finding that Carter was 100% liable for the accident was not clearly erroneous. While the district court did not use the word "fault," the district court's findings are consistent with the conclusion that Carter was 100% at fault for the accident and thus 100% liable for Zirnhelt's damages. Carter claims that the district court failed to consider Zirnhelt's son's "admissions" that he did not glance at oncoming traffic, despite the fact that he was planning to cross oncoming highway traffic. But the district court made complete findings regarding the cir-

cumstances of the accident and the actions of both parties; finding one party 100% responsible for the accident does not mean the district court failed to apply the comparative-fault statute. *Croxen,* 376 N.W.2d at 741. The record shows that Carter drove through the intersection on a clear day with no adverse weather conditions, potentially travelling at a speed of 50 miles per hour, after the light turned red. Thus, we conclude that the district court did not clearly err in finding Carter solely liable for Zirnhelt's damages.

## DECISION

Because Zirnhelt's claim was properly commenced in conciliation court before the statute of limitations expired, the district court did not err by concluding that the claim was not barred by the statute of limitations and by awarding Zirnhelt damages in excess of the conciliation-court's jurisdictional amount. The district court also did not clearly err in concluding that Carter was solely liable for Zirnhelt's damages.

**Affirmed.**