# FIRST STATE BANK OF MOUNTAIN LAKE v. C. E. STEVENS LAND COMPANY and Another.[1]

October 24, 1913.

Nos. 18,271—(159).

**Appeal bond — consideration of agreement to pay judgments.**

1. A party taking an appeal from an order may, by agreement of the parties, give a common-law bond to pay all judgments which may be rendered against the appellant in the action. Under the findings of the trial court, the bond in this case is a common-law bond. Such a bond must be supported by a valid consideration. An agreement to stay proceedings and forbear entering judgment, is a sufficient consideration.

**Finding sustained by evidence.**

2. The evidence in this case sustains the finding of the court that such an agreement was made.

**Pleading — admission of allegation of execution.**

3. An admission in an answer that the defendant executed a bond sued on, in the form and manner set out in the complaint, carries with it an admission of all that is essential to a valid execution of the bond, with the terms contained therein, including the full authority of the agents by whom it was executed.

**Evidence of part payment — finding supported by evidence.**

4. The evidence sustains the finding of the trial court as to the amount remaining due on the judgment which the bond was given to secure. The judgment debtor claimed that an additional payment had been made by it to its former attorney of record in the case. There was no evidence that he was authorized to receive payment in behalf of the judgment creditor, and the question of payment to him was accordingly immaterial to the issues of this case.

After the former appeal, reported in 119 Minn. 209, 137 N. W. 1101, the case was tried before Nelson, J., who made findings and ordered judgment in favor of plaintiff against defendant surety com-

[1] Reported in 143 N. W. 355.

pany for $2,650.84. From the judgment entered pursuant to the order for judgment, defendant surety company appealed. Affirmed.

*James E. Markham* and *Benjamin Calmenson,* for appellant.

*Wilson Borst* and *J. G. Redding,* for respondent.

HALLAM, J.

This is an action on a bond given on an appeal to this court. In 1904 one Hiebert brought action against the defendant C. E. Stevens Land Co. The court decided that Hiebert was entitled to a money judgment. The Land Co. moved for a new trial. This motion was denied. A notice of appeal from this order was served. On the same day this bond was given, with the defendant Title Guaranty & Surety Co. as surety. The bond contained the conditions required by statute in a supersedeas bond given on appeal from an order, and in addition thereto it contained a condition not required by statute, to satisfy "all judgments" which may be rendered against the appellant in said action. The order appealed from was affirmed by stipulation of the parties, and judgment for plaintiff was entered in the district court for $5,898.55. The Land Co. paid a part only of this judgment. This plaintiff is the assignee of Hiebert. This action is brought to recover the balance due on this judgment, and is predicated entirely on the condition of the bond to pay "all judgments"; that is, on the provision in the bond which the statute did not require. It is not claimed that the bond has any force as a statutory supersedeas bond, but it is claimed that it is effective as a common-law bond.

1. This case was before this court on a former appeal (119 Minn. 209, 137 N. W. 1101, 43 L.R.A.(N.S.) 1040). It was there held that it is competent for parties on taking or contemplating an appeal to enter into a common-law bond, and that a bond given as a common-law bond, is given for a valid consideration, is binding and enforcible according to its terms. See also Johnson v. Dun, 75 Minn. 533, 78 N. W. 98. On the second trial the court gave judgment for plaintiff and against both defendants for the balance remaining due, and defendant bond company appeals.

It is contended that under the facts found by the trial court this

bond must be regarded as a statutory bond, and not as a common-law bond. We cannot so hold. The trial court found in substance that the bond was executed and delivered in accordance with an agreement made prior to the giving of the bond; that Hiebert, the plaintiff in that action, agreed to forbear entering judgment during the pendency of the appeal, and that, in consideration of the bond being executed and delivered, he did refrain from entering judgment until the appeal was determined. This is not a finding of a statutory bond. There is no finding that the court was asked to fix the amount of the bond, nor that appellant caused it to be approved by the court or filed with the clerk, as the statute requires in case of a statutory supersedeas bond. We think the findings support the contention that there was no intention of complying with the statute or of giving a statutory bond, but that the bond was given as a common-law bond. It was given upon a valid consideration and is enforcible as a common-law bond.

2. Appellant contends that the evidence is not sufficient to sustain a finding that this agreement was in fact made. We cannot so hold. The agreement, if one was made, was entered into by D. A. Stuart, as attorney for the plaintiff in that action, and Wilson Borst, as attorney for the defendant Land Co. The testimony of Mr. Borst is to the effect that such agreement was made. He is now the attorney for this plaintiff and was an interested witness, but he is corroborated in some particulars by two other witnesses. Moreover, it is inherently probable that the incorporation of this unusually onerous provision in the bond was the result of negotiations of some sort, and this testimony furnishes a reasonable explanation of the conduct of the parties in incorporating this provision in the bond. The only testimony contradicting the above is that of Mr. Stuart. He denies *in toto* the testimony of all three witnesses for the plaintiff. But his testimony is impeached by the fact that he himself was originally attorney for the plaintiff in this action and that, with full knowledge of all the facts, he drafted the amended complaint upon which the action was tried, and that the allegations of this amended complaint are in direct contradiction of his testimony and in accordance with the testimony of plaintiff's witnesses. When Mr. Stuart inter-

posed this pleading, he was bound by duty to the court and to his client to plead the truth and not falsehood. The court was amply sustained in finding that he did so.

3. It is urged on this appeal that the agents who executed the bond had no authority to give a bond of this sort; that their authority was limited to the execution of statutory bonds. The defendant bond company is in no position to raise this question now. The bond was executed more than four years before this suit was brought. The amended complaint sets out the bond *in hæc verba,* alleging, however, that there was a mistake in the date. The answer admits, "that the defendants—in the form and manner set out in said complaint, executed the instrument" and, "denies that there was any mistake or inadvertence in the drafting of said instrument or in the execution thereof." This admission that the defendant executed the bond "in the form and manner set out in said complaint" is wholly inconsistent with any claim of want of authority to execute it either in whole or in part. The admission carries with it an admission of all that is essential to a valid execution of the bond, and the whole of it, and it admits the full authority of the agents by whom it was executed.

4. It is claimed that the amount for which the trial court gave judgment is in excess of the amount which the evidence showed to be due. Substantial payments were made upon the judgment in the original action. A number of these payments were remitted by mail in the year 1905 by one Way, representing the Land Co., to Wilson Borst, and were by him paid over to Hiebert, the plaintiff in the original action. Appellant claims that Way made a payment to Borst of $500 in November, 1905, that was never credited, and which the trial court did not allow, and contends that the evidence required a finding that the disputed $500 was paid. We consider it immaterial whether Way paid this amount to Borst or not. It is admitted that this disputed item was never received by Hiebert. Borst had been attorney of record for the Land Co. There is no evidence that Hiebert had authorized him to collect and receipt for money paid upon this judgment. It is plain from the correspondence in evidence that Way did not understand that Borst was so authorized, for he was

persistently demanding of Borst that he send receipts showing that the money had been applied in accordance with instructions, or, as he put it in one letter, "receipts * * * showing that it has been paid to Hiebert or his proper representative." The payments made by Way to Borst are matters between them. With these payments Hiebert and his assignee, the plaintiff in this action, have no concern. The evidence sustains the finding of the court as to the amount due to the plaintiff.

Judgment affirmed.

PHILIP E. BROWN, J., took no part.