JAMES M. BECK AND ANOTHER v. HERBERT SPINDLER,
SOLE TRADER d.b.a. HERB SPINDLER COMPANY,
AND ANOTHER.

99 N. W. (2d) 684.

November 20, 1959—No. 37,848.

*Bouschor & McNulty*, for appellant.
*Stein & Stein* and *David Naughtin*, for respondents.

KNUTSON, JUSTICE.

This is an appeal from an order of the trial court denying a motion of defendant Spindler for an amendment of the judgment.

The jury returned a verdict in favor of plaintiffs against Herbert Spindler, sole trader, doing business as Herb Spindler Company, and Ventoura Corporation and stated in the verdict that plaintiffs are entitled to a rescission of the contract. The judgment was entered as a money judgment against defendants only. Spindler seeks to have the judgment amended so as to conform to the verdict, it being his contention that rescission cannot be had in this case because there can be no restitution.

The facts here are the same as in the appeal of defendant Ventoura Corporation in the same case. Our opinion filed as of this date in that appeal (Beck v. Spindler, 256 Minn. 543, 99 N. W. [2d] 670) covers most of the issues raised in both appeals. Only one question is presented here not already covered by the appeal of Ventoura. Spindler contends that, inasmuch as the trailer has been repossessed by his assignee of the conditional sales contract, there can be no restitution and therefore there can be no rescission.

Rescission is an equitable remedy. The perpetrator of a wrong cannot complain of the impossibility of restoring the status quo when that condition is the result of his own wrong.

In I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 335, 102 N. W. 728, 729, we said:

"* * * When he [plaintiff] sues in equity to rescind, it is not necessary that he should have previously attempted a rescission, or made any offer to return what he received, for what he ought to do and must do, as a condition of the rescission, is a question which the court will determine."

In Proper v. Proper, 183 Minn. 481, 484, 237 N. W. 178, 179, we quoted with approval the following from 5 Williston, Contracts (Rev. ed.) § 1530:

"* * * 'That a party seeking rescission of a contract must return, or offer to return, what he has received under it, and thus put the other party as nearly as is possible in his situation before the contract, is the law. But this rule is wholly an equitable one; impossible or unreasonable things, which do not tend to accomplish equity in the particular transaction, are not required.' "

In this case, efforts were made to correct the defects existing in the trailer throughout most of the summer of 1957. This action was commenced as to Spindler in September 1957, asking for a rescission by the court and a return of what plaintiffs had paid. Spindler, by his answer, denied plaintiffs' right to rescind. Thereafter, plaintiffs continued the payments until November of that year. The trailer was repossessed in February 1958. It is true that plaintiffs continued to occupy the trailer until it was repossessed, but up until that time the court had not determined whether they were entitled to rescission and defendants had never offered to accept the property and to return what plaintiffs had paid. To the contrary, they then resisted plaintiffs' efforts to rescind the contract. When Spindler's assignee repossessed, it became impossible for plaintiffs to make restitution. We assume that Spindler, if he had seen fit to do so after repossession by his assignee, could have paid the assignee the balance on the contract and recovered possession of the trailer. In any event, in the application of the equitable doctrine of rescission, when it becomes impossible to restore the status quo, the innocent should not be made to suffer in order to aid the party whose wrong has brought about the result which made restitution impossible.

This action was based on a breach of an implied warranty. As we said in our opinion in the appeal of Ventoura, rescission was only incidental to the right of recovery. The facts here make the case one in which defendants are responsible, at least indirectly, for making restitution impossible. No prejudice has resulted from a denial of Spindler's motion, and it therefore follows that there is no reversible error.

Affirmed.