Gene A. MASHLAN, et al., Appellants,

v.

E.M. TRUCKS, INC., Respondent,

United Leasing & Financial Services, d/b/a United General Leasing, Inc., Defendant.

No. C2–88–2673.

Court of Appeals of Minnesota.

Aug. 1, 1989.

Review Denied Sept. 15, 1989.

James W. Balmer, Falsani, Balmer, Berglund & Merritt, Duluth, for appellants.

David A. Donna, Lindquist & Vennum, Minneapolis, for respondent.

John Fillenworth, Eckman & Fillenworth, Duluth, for defendant.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

A jury found that respondent E.M. Trucks, Inc. breached express warranties and that appellant properly revoked acceptance of a defective truck. We affirm the trial court's judgment notwithstanding the verdict that appellants were lessees not entitled to recover damages from the dealer.

## FACTS

In February 1979, appellants Gene and Susan Mashlan discussed with respondent E.M. Trucks, Inc. the purchase of a second new truck for use in their log hauling business. Mashlan chose a truck from off the dealer's lot and signed a purchase order for it.

After an unsuccessful effort to finance the purchase, Mashlan told the salesmanager at E.M. Trucks that he could not complete the transaction. The manager suggested financing the transaction through United Leasing and Financial Services, doing business as United General Leasing, Inc.

Sometime in the spring of 1979, Mashlan met with a representative of United and signed a lease contract for the truck. The lease provided for a term of 48 months with monthly rental payments of $1437.08, and required a $7000 deposit. A provision in the lease stated the parties' intent to enter "a contract of leasing." At the expiration of the lease, United was required to sell the vehicle, and "[s]hould the saleprice be greater than $10,000.00 the overage shall be refunded to the Lessee as a reduction of rental." However, "[s]hould the sale price be less than $10,000.00 the difference shall be paid within 10 days of sale to the Lessor as additional rental." The con-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tract called for the lessee to furnish all license and title fees, to pay taxes, to maintain and repair the vehicle, to provide insurance, and to return the vehicle at the end of the lease. All licenses and title certificates for the truck were required to be registered in the lessor's name. The lessor was entitled to repossession upon default.

At trial, Mashlan testified that he considered himself the owner of the truck, and said as far as he knew United did not play any part in the negotiations regarding the truck. Mashlan viewed the role of United in this transaction as a financial institution.

The truck began to have problems immediately and continued to have them until December 1981 when the engine blew out for the last time. Mashlan at that time parked the truck and did not use it anymore. It was eventually repossessed by United. Mashlan testified the truck was out of service for approximately seven months because of mechanical problems. Mashlan further testified about earlier meetings with representatives of E.M. Trucks and the manufacturer, GMC, on possibilities for returning or trading in the truck.

Appellants commenced this action against E.M. Trucks asserting claims of breach of express and implied warranties under Minn.Stat. §§ 336.2–313, 336.2–314, 336.2–315, and breach of a sales contract entitling appellants to revoke acceptance under section 336.2–608.[1] On the breach of warranty claim, the jury found only incidental damages of $12,718.38, and that there was no difference between the truck's value as accepted and its value as warranted. On the revocation question, the jury found appellants were entitled to recover $33,586.76 for payments made and incidental damages of $12,718.38. The jury also found depreciation in the amount of $20,034 from the time appellants took delivery until they surrendered possession of

the truck. In its order for judgment, the trial court treated depreciation as a reduction of damages and awarded $26,218.14 to appellants.

Respondent moved the trial court for a judgment notwithstanding the verdict, or in the alternative, a new trial. The trial court granted respondent's motion for JNOV and rescinded its prior order for judgment. In the event of reversal, the trial court ordered that respondent's request for relief from the damage award be denied, and the original findings of damages reinstated. The trial court concluded that E.M. Trucks sold the truck to United, who then entered a purchase or lease agreement with the appellants, but that "no legal relationship existed between the Mashlans and E.M."

## ISSUE

Whether the Mashlans entered a lease transaction or a sales transaction with United General Leasing, Inc.?

## ANALYSIS

In all respects the contract between appellants and United is an express lease. The lease agreement provided that,

[i]t is expressly understood and agreed that this is a contract of leasing only and the LESSEE, by these presents acquires no right, title or interest in or to the vehicles covered by this Lease, except as LESSEE.

Appellant contends the court should pierce the lease agreement to find the true intent of the parties. *See Louis DeGidio Oil & Gas Burner Sales & Service, Inc. v. Ace Engineering Co.*, 302 Minn. 19, 26, 225 N.W.2d 217, 222 (1974); *Stroesser v. Hopper*, 269 Minn. 96, 100, 129 N.W.2d 913, 916–17 (1964). Appellants argue the underlying transaction was in substance a sale where appellants, not United, were the buyers of the truck.

---

1. A claim for breach of warranty is a buyer's remedy under the Uniform Commercial Code. Appellant contends the judgment is erroneous because the trial court ignored the jury's verdict on breach of warranty as well as the larger verdict on the revocation claim. Appellant asserts that this court "should enter judgment in favor of the Mashlans in this amount [$12,-718.38] for breach of warranty whatever is decided about the Mashlans' right under their revocation of acceptance theory." However, should appellants prove to be lessees, their remedies for breach of warranty are no greater than their remedies in contract.

"[W]here the intention of the parties may be gained wholly from the writing, the construction of the contract is for the court." *Donnay v. Boulware*, 275 Minn. 37, 44, 144 N.W.2d 711, 716 (1966). Where the question on appeal is purely one of law, this court is not bound by the decision of the trial court. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

Along with the trial court, we find no rationale for disregarding the express language contained in the agreement appellants made with United. We have also considered, as appellant pleads, the impact of a Uniform Commercial Code definition normally employed to determine security interest conflicts between a purported lessor and other creditors. Section 336.1–201(37) provides that if a purported lessee can take the property for nominal or no consideration at the end of the term of use, then the agreement is one intended for security and shows evidence of a sale. Here, the lease does not contain a right to take the truck at the end of the lease term. Applying this statutory law, the trial court did not err in concluding this was a lease under the circumstances and not a sale and secured transaction.

We have considered the unique penalty and bonus clauses applicable here when the period of use expires. These clauses create some aura of an ownership interest in the sense the lessee has an interest in preserving the property. Nevertheless, the lease permits the lessor to sell the truck with a value of $10,000 without return of value to the lessee. It was not error to conclude the agreement in this case is a lease.

Appellant alternatively contends the court should overlook an intermediary party to permit the remedy of revocation of acceptance against a party who has promoted sale and warranty of the vehicle. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349 (Minn.1977). In *Durfee*, the supreme court determined an automobile distributor is liable for damages of a buyer not only on warranty theories but also for revocation "[w]hen the exclusive remedy found in the warranty fails of its essential purpose and when the remaining defects are substantial enough to justify revocation of acceptance." *Id.* at 357. Thus, a buyer may assert a revocation of acceptance remedy against the distributor where the distributor warrants the condition of the vehicle. As a proposition of law, however, *Durfee* says nothing to enlarge remedies of a lessee without a buyer's ownership interest. Rather, application of the doctrine begs the question we have already decided, namely, whether appellants were lessees or buyers.

## DECISION

The trial court did not err in concluding that appellants do not have a right to revoke acceptance because they were lessees under a lease arrangement with United General Leasing and not buyers in a sales transaction with E.M. Trucks.

Affirmed.